**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| HUI LIU, | No. 12-73903 |
| Petitioner, | Agency No. A099-900-347 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 22, 2015[**]

Before: GOODWIN, BYBEE, and CHRISTEN, Circuit Judges.

Hui Liu, a native and citizen of China, petitions for review of the Board of

Immigration Appeals' ("BIA") order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT"). We have

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, applying the standards governing adverse credibility determinations created by the REAL ID Act, *Shrestha v. Holder*, 590 F.3d 1034, 1039-40 (9th Cir. 2010), and we deny the petition for review.

Substantial evidence supports the BIA's adverse credibility determination based on an inconsistency between Liu's testimony and visa documents regarding the chronology of his alleged arrests and use of a false story to obtain a visa, and based on his unresponsiveness when confronted with the inconsistency. *See id*. at 1048 (adverse credibility determination was reasonable under the "totality of circumstances"). We reject Liu's contention that the agency failed to give proper weight to his documentary evidence, *see Garcia v. Holder*, 749 F.3d 785, 791 (9th Cir. 2014) (documents not sufficient to rehabilitate testimony). Further, the record does not support Liu's contention that the IJ exhibited bias. Thus, in the absence of credible testimony, Liu's asylum and withholding of removal claims fail. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

Finally, Liu's CAT claim fails because it is based on the same evidence the agency found not credible, and he does not point to any other evidence that

12-73903

compels the conclusion that it is more likely than not he would be tortured by or with the acquiescence of the government if returned to China. *See id*. at 1156-57.

**PETITION FOR REVIEW DENIED.**